## UNITED STATES v. SEVEN BARRELS OF WHISKY.

(District Court, D. Nebraska. August 6, 1904.)

No. 384.

1. INTERNAL REVENUE—STAMPS ON PACKAGES OF LIQUOR—FORFEITURES.

Rev. St. § 3323, as amended by Act Cong. July 16, 1892, c. 196, 27 Stat. 200 [U. S. Comp. St. 1901, p. 2167], declares that every package of distilled spirits containing five wine gallons or more, filled on the premises of a local liquor dealer, shall be marked, branded, and stamped by such wholesale liquor dealer in such manner and under such rules and regulations as the commissioner of internal revenue, with the approval of the Secretary of the Treasury, may prescribe, etc., and declares that every rectifier or wholesale dealer who refuses or willfully neglects so to mark, brand, or stamp his liquors shall be fined, etc. Held, that such act only authorized the commissioner of internal revenue, with the approval of the Secretary of the Treasury, to designate the kind and character of the mark and stamp to be affixed to the packages, and hence the marks and stamps so prescribed were marks and stamps "required by law," within section 3289 [U. S. Comp. St. 1901, p. 2132], declaring that all distilled spirits found in any package containing five gallons or more, without having thereon each mark and stamp required by law, should be forfeited to the United States.

2. SAME—PENALTIES—EXCLUSIVENESS.

Rev. St. § 3323, as amended by Act Cong. July 16, 1892, c. 196, 27 Stat. 200 [U. S. Comp. St. 1901, p. 2167], declares that every rectifier or wholesale liquor dealer who refuses or willfully neglects to comply with the requirements of the act as to marking, branding, and stamping, in accordance with the rules and regulations made in pursuance thereof, the packages filled on his premises as aforesaid, shall for every offense be fined not less than $200 nor more than $1000, and section 3289 [U. S. Comp. St. 1901, p. 2132], declares that all distilled spirits found in any cask or package, containing five gallons or more, without having thereon each mark and stamp required by law, shall be forfeited to the United States. Held, that the penalty imposed by section 3323 was not exclusive, and did not prevent the United States from enforcing a forfeiture of the goods not properly stamped in a proceeding in rem against them.

**3. SAME—DEFENSE.**

In proceedings to forfeit liquors not properly stamped it was immaterial that the stamps on the barrels indicated that they contained a greater number of gallons than were actually placed therein, and that the government therefore was not actually defrauded.

Irving Baxter, U. S. Atty.

J. G. Dun and G. W. Cooper, for claimant.

MUNGER, District Judge. An information was filed in this case by the United States to forfeit seven barrels of whisky seized by the collector of internal revenue on the premises of the claimants, Walter Moise & Co., wholesale liquor dealers, said information charging that each of said barrels contained more than five gallons of whisky, and that each did not have thereon the mark and stamp required by law, in that they did not have the marks and stamps showing truly the number of wine gallons in each barrel at the time the wholesale liquor dealers' stamps were affixed thereto, in that each barrel was of less capacity than shown by the stamps so affixed thereto, and that each of said barrels held and contained at the time it was stamped and at the time it was seized a less number of wine gallons than indicated by the stamp thereon; for which reason it is claimed on the part of the government that said property is subject to forfeiture. To this information a demurrer has been interposed.

The two sections of the statute which it is claimed by the respective parties are applicable to the consideration of this case are sections 3289 and 3323 [U. S. Comp. St. 1901, pp. 2132, 2167]. Section 3289 is as follows:

"All distilled spirits found in any cask or package containing five gallons or more, without having thereon each mark and stamp required therefor by law, shall be forfeited to the United States."

Section 3323, as amended in 1892 (27 Stat. page 200), is as follows:

"Every package of distilled spirits containing five wine gallons or more, filled on the premises of a wholesale liquor dealer, who has paid the special tax required by law, shall be marked, branded and stamped by such wholesale liquor dealer in such manner and under such rules and regulations as the commissioner of internal revenue, with the approval of the Secretary of the Treasury, may prescribe; and on or before the tenth day of each month every wholesale liquor dealer shall make return, under oath, to the collector of internal revenue for the district of the various kinds and quantities of each kind and of the total quantities of distilled spirits received on his premises and of the various kinds and quantities of each kind and of the total quantity of distilled spirits sent out from his stock or possession during the preceding month, and of the quantity of each kind and the total quantity remaining on hand at the end of the month; and such return shall be made in such form and contain such other particulars as the commissioner of internal revenue, with the approval of the Secretary of the Treasury, may prescribe. And every rectifier or wholesale liquor dealer who refuses or wilfully neglects to comply with the requirements of this act as to giving the said notice or the said return, and as to marking, branding, and stamping, in accordance with the law and the regulations made in pursuance thereof, the packages of spirits filled on his premises as aforesaid, shall, for each such offense, be fined not less than two hundred dollars nor more than one thousand dollars."

On the part of claimant it is argued that, the object and purpose of the internal revenue act being to obtain revenue to the government, a forfeiture will not be imposed for an act which does not operate as a

fraud upon the government, and, as the information in this case charges that the stamps upon the barrels indicated a greater number of gallons than the barrels contained, such fact could in no respect defraud the government. Again, that the marks and stamps required by section 3323 are such as may be prescribed by the commissioner of internal revenue, with the approval of the Secretary of the Treasury, and hence are not stamps and marks required by law as provided in section 3289; and, further, that, inasmuch as section 3323 carries a penalty for willful neglect to comply with its provisions, such penalty is exclusive, and a forfeiture cannot be had.

Section 3289 is general in its provisions, and applies to any cask or package containing five gallons or more of distilled spirits, which has not thereon each mark and stamp required by law; and if the stamp and mark required or mentioned in section 3323 is a mark and stamp required by law, it would seem that section 3289 was applicable thereto, unless the penalty prescribed in section 3323 is exclusive. Pursuant to the provisions of section 3323, the commissioner of internal revenue, with the approval of the Secretary of the Treasury, has provided that each stamp shall, among other things, state the number of wine gallons contained in the package upon which the stamp is placed. While it is true that the commissioner of internal revenue, with the approval of the Secretary of the Treasury, may not prescribe regulations and provide a penalty for their violation (United States v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591), section 3323 expressly provides that the stamp and mark so prescribed by the commissioner of internal revenue, with the approval of the Secretary of the Treasury, shall be placed upon each package. The section only leaves it to the commissioner of internal revenue, with the approval of the Secretary of the Treasury, to designate the kind and character of mark and stamp to be affixed to the package. The requirement of a mark or stamp is not by regulation of the commissioner of internal revenue, but is a requirement which Congress has expressly named; and hence the mark and stamp is one required by law. The mere fact that Congress has left to the commissioner of internal revenue, with the approval of the Secretary of the Treasury, the authority to indicate the character and kind of mark and stamp, does not prevent the enforcement of penal provisions of the statute for its violation. In re Kollock, 165 U. S. 526, 17 Sup. Ct. 444, 41 L. Ed. 813. I am, therefore, of the opinion that the marks and stamps prescribed by the commissioner of internal revenue, with the approval of the Secretary of the Treasury, to be placed on each package, under the provisions of section 3323, are marks and stamps required by law.

The section, however, it is to be observed, provides as follows:

"And every rectifier or wholesale liquor dealer who refuses or wilfully neglects to comply with the requirements of this act as to giving the said notice or the said return, and as to marking, branding and stamping, in accordance with the law and the regulations made in pursuance thereof, the packages of spirits filled on his premises as aforesaid, shall, for each such offense, be fined not less than two hundred dollars nor more than one thousand dollars."

This is a penalty imposed upon the wholesale dealer who refuses or willfully neglects to comply with its provisions, and does not affect the

property itself; while section 3289 is directed alone against the property, and is operative without reference to the fact whether or not the neglect to comply with the requirement of the law was willful. I cannot think that Congress, in imposing a penalty by fine upon the individual dealer who refuses or willfully neglects to place upon the package the mark and stamp required, intended to relieve the property from forfeiture, the one penalty being enforced by proceedings in rem against the property alone, the other in personam upon the violator of the statute. That forfeiture of the property and a fine imposed upon the offender may both exist, I have no doubt. While it is true that the single fact that the stamps upon the barrels indicated that the barrels contained a greater number of gallons than were actually placed therein would not constitute a fraud upon the government, and while it is further true that the purpose and object of the act in question was to obtain revenue, and not in any respect to protect purchasers of the property from deception, yet the marking and stamping must be regarded as a means adopted by the government to effectuate the object and purpose of the legislation, and as an aid in preventing frauds upon the revenue.

For these reasons the demurrer is overruled.